# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **HUGO AUDBERTO ALVAREZ, et al.,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **SAINT LUKES MEMORIAL HOSPITAL, INC., D/B/A HOSPITAL EPISCOPAL SAN LUCAS PONCE, et al.,** <br><br> **Defendants.** | **Civil No. 17-2102 (ADC)** |

## OPINION AND ORDER

On August 18, 2017, Dr. Hugo Audberto Álvarez and the Conjugal Partnership constituted by him and his wife (collectively, "Dr. Álvarez" or "plaintiff") filed a complaint alleging that he was wrongfully dismissed from Hospital Episcopal San Lucas. **ECF No. 1** at 1-2.[1] Plaintiff seeks redress for alleged "violation[s] of his constitutional rights of due process and for breach of contract," as well as damages allegedly caused by a hostile work environment and his wrongful termination. *Id*.

Before the Court are three motions to dismiss the complaint, filed by defendants Saint Lukes Memorial Hospital, Inc. ("Hospital"), Dr. Francisco Rivera Pedrogo ("Dr. Rivera"), and Liberty Mutual Insurance Company ("Liberty") (collectively, "defendants"). **ECF Nos. 13, 19,**

---

[1] Plaintiff has a separate case against Hospital Episcopal San Lucas, Inc., and many of the doctors that supervised him or participated in the disciplinary panel, as discussed below. *See* **Civil. No. 15-2413 (PAD)**.

**and 20**. Plaintiff Dr. Álvarez filed a response in opposition to the motions to dismiss, **ECF No. 23**, to which defendants replied, **ECF No. 25**. The Court **GRANTS** the motions to dismiss, **ECF Nos. 13, 19 and 20**, and **DISMISSES** the complaint **WITH PREJUDICE**.

**I.      Factual and Procedural Background**

The Court draws the factual background from the complaint, **ECF No. 1**, treating all its well-pleaded facts as true and drawing all the reasonable inferences in plaintiff's favor. *See Martin v. Applied Cellular Technology, Inc.*, 284 F.3d 1, 6 (1st Cir. 2002); *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001).

In October 2014, Dr. Álvarez was in his third year of Emergency Medical Residency at the Hospital. **ECF No. 1** at 3-6. On or about October 2014, Dr. Álvarez had a heated disagreement with Dr. Yorlene Hevia ("Dr. Hevia") about the diagnosis and treatment of a patient, where Dr. Hevia yelled at Dr. Álvarez and criticized his diagnosis in front of the emergency room staff. *Id.* at 7. Dr. Álvarez then stepped outside the emergency room and ran into his supervising attending physician, Dr. Eric López. Dr. Álvarez told Dr. López of his exchange with Dr. Hevia, telling him "that if she would of [sic] been a man, he would have punched her." *Id.* at 8. The complaint further alleges that "[t]his is how bad Dr. Hevia made Dr. Álvarez feel." *Id.*

On October 15, 2014, Dr. Álvarez was informed by a letter signed by Dr. Carlos García, the Emergency Department Director and the Residency Program Director, that he was being suspended. *Id.* at 11. The letter did not indicate that he was being fired, instead stating that he was being suspended for "alleged [sic] making threats of physical aggression towards multiple

staff members as well as making 'abusive commentaries [sic]' towards staff and faculty members," and that he had a right to appeal the decision according to the procedure in the Resident Manual. *Id.* Dr. Álvarez appealed his suspension to the Program Director, and on October 31, 2014, he received a notice for a hearing with the Hospital's Ad Hoc Committee regarding his suspension, which took place on November 3, 2014. *Id.* at 12.

On November 10, 2014, the Ad Hoc Committee notified Dr. Álvarez of its decision "to sustain his 'automatic dismissal', referring to the suspension letter dated October 15, 2014, and informing him of his right to appeal" to the Graduate Medical Educational Committee ("GMEC"). *Id.* at 14. Plaintiff appealed, and the GMEC held a hearing on his appeal. Several doctors, including defendant Dr. Rivera, composed the GMEC. *Id.* at 14. After the hearing, in a letter dated November 21, 2014, Dr. Álvarez was notified of his final dismissal from the Residency in the Emergency Medical Program. *Id.* at 15.

## II. Applicable Law

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move the Court to dismiss a complaint if it fails "to state a claim upon which relief can be granted." In adjudicating a motion to dismiss under 12(b)(6), courts ask "whether the well-pleaded factual allegations, viewed in the light most favorable to the plaintiff, state a claim for which relief can be granted." *Germanowski v. Harris*, 854 F.3d 68, 71 (1st Cir. 2017) (citing *Ocasio–Hernández v. Fortuño–Burset*, 640 F.3d 1, 7 (1st Cir. 2011)). To survive a motion to dismiss, the complaint does not need to establish a prima facie case, *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 54 (1st Cir. 2013),

but it must plead a plausible claim for relief, *Germanowski*, 854 F.3d at 71. However, the Court "need not credit 'bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation,' or 'subjective characterizations, optimistic predictions, or problematic suppositions.'" *Gagliardi v. Sullivan*, 513 F.3d 301, 305–06 (1st Cir. 2008) (quoting *Wash. Legal Found. v. Mass. Bar Found.*, 993 F.2d 962, 971 (1st Cir. 1993)).

Article 1802 of the Civil Code—Puerto Rico's general tort statute—provides that a "person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws. Ann. tit. 31, § 5141. "The elements of an Article 1802 claim are a physical or emotional injury, a negligent or intentional act or omission (*i.e.*, a wrongful act), and a causal connection between the injury and the defendant's wrongful conduct." *Díaz Aviation Corp. v. Airport Aviation Servs., Inc.*, 716 F.3d 256, 265–66 (1st Cir. 2013) (citing *Vázquez–Filippetti v. Banco Popular de Puerto Rico,* 504 F.3d 43, 49 (1st Cir. 2007)).

The statute of limitations for tort actions under Article 1802 is one year "from the time the aggrieved person had knowledge thereof." P.R. Laws Ann. tit. 31 § 5298(2). "Puerto Rico's Supreme Court recognizes two types of 'knowledge' as sufficient to start the clock. First, a plaintiff may have actual knowledge of both the injury and of the identity of the person who caused it." *Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc.*, 812 F.3d 213, 216 (1st Cir. 2016) (citations omitted). "Alternatively, a plaintiff 'is deemed to be on notice of her cause of action if she is aware of certain facts that, with the exercise of due diligence, should lead her to acquire actual knowledge of her cause of action.'" *Id.* (quoting *Alejandro-Ortíz v. Puerto Rico Elec. Power*

*Authority (PREPA)*, 756 F.3d 23, 27 (1st Cir. 2014)). "In other words, the statute of limitations begins running at the time a reasonably diligent person would discover sufficient facts to allow her to realize that she'd been injured and to identify the party responsible for that injury. The rationale being, of course, that once a plaintiff comes into such knowledge, she can file suit against the tortfeasor." *Rivera-Carrasquillo*, 812 F.3d at 216.

"Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that 'the facts establishing the defense [are] clear on the face of the plaintiff's pleadings." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 320 (1st Cir. 2008) (quoting *Blackstone Realty LLC v. FDIC,* 244 F.3d 193, 197 (1st Cir. 2001)). An affirmative defense "will support a motion to dismiss only where it is (1) definitively ascertainable from the complaint and other sources of information that are reviewable at this stage, and (2) the facts establish the affirmative defense with certitude." *Citibank Glob. Markets, Inc. v. Rodriguez Santana*, 573 F.3d 17, 23 (1st Cir. 2009).

### III. The Article 1802 claims are time-barred.

Defendants first argue that the complaint should be dismissed because Dr. Álvarez's claims under Article 1802 are time-barred. **ECF No. 13** at 2.

Dr. Rivera argues that the statute of limitations for the claim against him expired on November 2015, as plaintiff knew that Dr. Rivera presided over the November 2014 GMEC hearing on plaintiff's appeal. **ECF No. 19**. Because plaintiff had actual knowledge that Dr. Rivera presided over the GMEC hearing of plaintiff's appeal, the statute of limitations for plaintiff's

claims under Article 1802 against Dr. Rivera expired in November 2015, one year after the GMEC hearing. Since this complaint was filed on August 18, 2017—almost two years after the one-year statute of limitations lapsed—plaintiff's complaint is time-barred as to Dr. Rivera.

Likewise, plaintiff's claim against the Hospital accrued when he was fired from the Hospital on November 2014. The statute of limitations for this claim also expired one year later, in November 2015. Accordingly, the Article 1802 claims against the Hospital are also time-barred.

The complaint also does not allege any facts that justify plaintiff's failure to file a timely complaint. The complaint shows "that the limitations period has been exceeded and the complaint fails to 'sketch a factual predicate' that would warrant the application of . . . equitable estoppel." *Trans-Spec Truck Serv., Inc.*, 524 F.3d at 320. The only factual allegation that may explain plaintiff's failure to file a timely complaint is in a footnote to the complaint:

> A separate cause of action against this hospital, has already been filed before this Court and still pending, under Dr. Hugo Audberto Álvarez v. Hospital Episcopal San Lucas, **Civil No. 15-2413 (PAD)**. Interesting enough, to this date, the plaintiff has not been able to assert for sure, which entity was the one which finally dismissed him from the residency in question, for all the documents which were given to him, where he was informed of such dismissal, led him to believe it was the Hospital Episcopal San Lucas. The identity of Saint Lukes Memorial Hospital, Inc. d/b/a Hospital Episcopal San Lucas Ponce was provided in response to the plaintiff's discovery in the mentioned case.

**ECF No. 1** at n. 1.

Alleging in a conclusory manner that plaintiff has been unable to determine whether Saint Lukes Memorial Hospital, Inc. or Hospital Episcopal San Lucas Ponce is the responsible

party is insufficient to conclude that plaintiff did not know which entity was his actual employer. *See Gagliardi*, 513 F.3d at 305–06 (In ruling on a motion to dismiss, the Court does not credit the complaint's "bald assertions . . . unsubstantiated conclusions . . . or subjective characterizations, optimistic predictions, or problematic suppositions."). And, "because corporate identities and intracorporate relationships are a matter of public record, knowledge of the precise corporate identity of the entity responsible for a plaintiff's injury is not required before the period prescribed by the statute of limitation begins to run." *Rodríguez-Suris v. Montesinos*, 123 F.3d 10, 16 (1st Cir. 1997).

The complaint does not allege that plaintiff pursued his claim with "reasonable diligence," or that he tried to identify the Hospital as the party actually liable for the alleged tort. *Rivera-Carrasquillo*, 812 F.3d at 216. It also does not detail the specific acts plaintiff undertook to discover the Hospital as the proper defendant. *See Rodríguez-Suris*, 123 F.3d at 16 ("once a plaintiff is put on notice that someone or some entity is the cause of the injury, the plaintiff may not succeed in a late-filed claim by asserting ignorance about the precise identity of the tortfeasor."). Instead of detailing this information in his complaint and how it justifies tolling the statute of limitations, Dr. Álvarez's response in opposition simply details the procedural history of the sister case, **Civil No. 15-2413 (PAD)**. **ECF No. 23**.

In further support of the motion to dismiss, the Hospital submitted certified translations of the contract that plaintiff signed with the Puerto Rico Department of Health each of the three years of his residency. **ECF Nos. 13-4, 13-5 and 13-6**. Plaintiff also asks the Court to consider

these contracts in adjudicating the motions to dismiss. **ECF No. 23** at 19. "When the complaint relies upon a document, whose authenticity is not challenged, such a document 'merges into the pleadings' and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). Neither party has explicitly argued that these contracts were incorporated into the complaint, or that the Court may consider them in adjudicating the motions to dismiss. But, neither party questions their authenticity, and both parties cite the contracts in support of their positions. The Court thus finds that the contracts are incorporated into the complaint and will consider them in adjudicating the motions to dismiss.

The three contracts clearly state that Dr. Álvarez will offer his services "in the Emergency Medicine Department of the Hospital Episcopal San Lucas Ponce, *property of Saint Luke's Memorial Hospital.*" **ECF No. 13-4, 13-5. 13-6**. Thus, had Dr. Álvarez been diligent in pursuing his claim, he would have realized that he knew since 2012—when he signed the first of the three contracts—that the Hospital was the actual owner of Hospital Episcopal San Lucas Ponce. Accordingly, plaintiff's claims against the Hospital expired on November 2015, one year after his termination from the Emergency Medicine Residency, and his complaint against the Hospital is also untimely.

The Court finds that the statute of limitations for Dr. Álvarez's Article 1802 claims expired on November 2015. Dr. Álvarez waited more than two years after the statute of limitations expired to file this complaint on August 18, 2017. **ECF No. 1**. Accordingly, the complaint does

not plead sufficient facts to warrant equitable tolling of the statute of limitations for Dr. Álvarez's claims under Article 1802.

**IV.    The complaint fails to allege an Article 1802 claim against Dr. Rivera.**

Dr. Rivera further argues that, even if the Article 1802 claims against him were not time-barred, the complaint fails to state a cause of action against him ecause it fails to allege any facts that link him to any of the tort causes of action raised in the complaint. **ECF No. 19** at 2.

"The elements of an Article 1802 claim are a physical or emotional injury, a negligent or intentional act or omission (*i.e.,* a wrongful act), and a causal connection between the injury and the defendant's wrongful conduct." *Díaz Aviation Corp. v. Airport Aviation Servs., Inc.*, 716 F.3d 256, 265–66 (1st Cir. 2013) (citing *Vázquez–Filippetti v. Banco Popular de Puerto Rico,* 504 F.3d 43, 49 (1st Cir. 2007)). Indeed, Dr. Rivera's name only appears three times in the complaint: (1) in the complaint's caption, (2) in the list of members of the GMEC, and (3) in a section identifying the defendants, which simply reads: "Insurance Company X, is the insurance carrier who had issued an insurance policy on behalf of defendant, Dr. Francisco Rivera Pedrogo (Dr. Pedrogo) and would further cover the damages suffered by the plaintiffs, for which they are jointly and severally liable together with its insured to the plaintiffs." **ECF No. 1** at 1, 5 and 14. Thus, the complaint fails to allege that Dr. Rivera committed any wrongful acts, nor that there is a causal connection between Dr. Rivera's actions and plaintiff's alleged injuries.

**V.  Liberty's motion to dismiss**

Liberty moves the Court to dismiss the complaint on the grounds that (1) the complaint is time-barred, and (2) the insurance policy it issued in favor of the Hospital bars coverage for plaintiff's actions. **ECF No. 20** at 1. In his response in opposition to the motion to dismiss, plaintiff recognizes that "the plaintiff accepts that under the clause presented, Liberty is not liable in connection with the present claim." **ECF No. 23** at 21. And, as discussed above, all claims against the Hospital—whom Liberty insures—are time barred and have been dismissed. Accordingly, Liberty's motion to dismiss the complaint, **ECF No. 20**, is **GRANTED**, and the complaint against Liberty is **DISMISSED WITH PREJUDICE**.

**VI.  Dr. Álvarez did not have a contract with any of the defendants.**

Dr. Álvarez makes one final argument in opposition to the motions to dismiss: that his dismissal was also a breach of contract, which, under Puerto Rico law, has a fifteen-year statute of limitations. **ECF No. 23** at 9 (citing P.R. Laws Ann. tit. 31, § 5294).

Defendants counter that they were not a party to Dr. Álvarez's employment contracts. The employment contracts submitted by the Hospital, which the Court deemed incorporated to the complaint, clearly identifies Dr. Álvarez as an employee of the Puerto Rico Department of Health: **"AS PARTY OF THE FIRST PART:** The <u>**DEPARTMENT OF HEALTH**</u>, represented by its Secretary of Health . . . hereinafter called the **PARTY OF THE FIRST PART**." **ECF No. 13-4** (the 2012 employment contract). *See also* **ECF Nos. 13-5** (the 2013 employment contract); **13-6** (the 2014 employment contract).

Furthermore, the complaint alleges that "Dr. Álvarez was in his third and last year of the Emergency Medical Program provided to residents *contracted by the Department of Health of Puerto Rico* to train at the Hospital's facilities." **ECF No. 1** at 2 (emphasis added). It also alleges that "For a fact, Dr. Álvarez was working under a third-year contract *with the Department of Health of Puerto Rico*." **ECF No. 1** at 17. The complaint clearly alleges that Dr. Álvarez's contract was with the Puerto Rico Department of Health; nowhere does it allege that the Hospital, Dr. Rivera, or Liberty, were a party to the employment contract. Actually, the "Contract for Physicians in Postgraduate Training Medical Internship -- Residency" clearly outlines that Dr. Alvarez and the Department of Health are the sole parties to the contract. **ECF No. 13-6** at 1. More so, Dr. Alvarez as a resident in the Emergency Medicine Department at Hospital Episcopal San Lucas, Ponce, also agreed under the contract that he "will be submitted to the evaluation process in effect" and in accordance to "the norms established in the Department where his training is being carried out." *Id*. at 7

Under the contract, the Department of Health was entitled to terminate the contract "due to negligence, abandonment of duties, or improper conduct . . ., in violation of the norm of the graduate medical training program, or if the professional performance . . . is not in conformity with the norms, bylaws, and regulations of the educational institution or of the corresponding training programs, upon a hearing to be held . . ." *Id*. at 8. The record clearly shows that Dr. Alvarez was provided notice of the irregularities he had engaged in as per the training program, was afforded the right to a hearing and to appeal intermediate decisions. Accordingly, Dr.

Álvarez's claims for breach of contract against all defendants are **DISMISSED WITH PREJUDICE**.

**VIII. Conclusion**

In light of the above, the motions to dismiss the complaint, **ECF Nos 13, 19 and 20**, are **GRANTED**. The complaint is hereby **DISMISSED WITH PREJUDICE**. The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 28th day of September, 2018.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**